Per Curiam.

Of the numerous charges of professional misconduct filed against this respondent, three were sent to a Referee, who has reported in respondent’s favor recommending dismissal of all three charges as not sustained by the evidence. We have determined to approve the Referee’s report, except as to the so-called Porter charge.
Respondent represented a Mrs. Blanche Porter in an action against her husband for divorce. An application was made on her behalf for temporary alimony and counsel fees. On such motion the respondent submitted his own affidavit as well as an affidavit of his client and prepared by him, stating in substance that respondent had been paid no fees for his services. In fact, Mrs. Porter had previously given respondent $100 in two installments of $50 each. He issued receipts, the first of which stated that the money was paid on account of fee and the second showed the receipt of a “ Balance of fifty ($50) dollars Paid in Full.” Respondent testified that the $100 was paid for some work done in making preliminary investigations and accepted as a loan to be paid back when he got a counsel fee from the court. Mrs. Porter stated that she had paid the $100 to get the case started and that it was to be refunded to her in the event the court awarded temporary alimony.
We think that the respondent should have disclosed to the court the receipt of this money and the circumstances of its payment rather than swear, as he did, that he had received no retainer fee of any kind in the case.
Considering all the extenuating circumstances and the testimonials of respondent’s good character and professional diligence in other respects, we feel that respondent should be censured for reprehensible conduct in the Porter matter.
Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ., concur.
Respondent censured.